# STATE OF FLORIDA v. GOLDSCHMITT

Case No. 85-20191-2-KU

County Court, Sarasota County

June 14, 1985

## APPEARANCES OF COUNSEL

**Adam Tebrugge,** Assistant Public Defender, for defendant.

## OPINION OF THE COURT

FREDERICK A. DeFURIA, County Judge.

*ORDER CERTIFYING QUESTIONS OF GREAT IMPORTANCE*

This cause being before the Court upon the State of Florida's suggestion that this Court's order, rendered June 12, 1985, adjudicating the Defendant guilty of the offense of Driving While Under the Influence of Alcoholic Beverages and placing him upon probation, to

3

which numerous conditions attach (*see* attached Order of Judgment and Sentence), for a period of one year, be certified to the District Court of Appeal, Second District, as one involving questions of great public importance.

The Court makes the following findings of fact:

1. That the Defendant was arrested on February 8, 1985 for the crime of Driving While Under the Influence of Alcoholic Beverages, a violation of Florida Statute 316.193;

2. That trial by jury for said offense commenced on June 10, 1985;

3. That the Defendant was represented at trial by Mr. Adam Tebrugge, Assistant Public Defender;

4. That on June 12, 1985, a verdict was returned by the jury, finding the Defendant guilty as charged;

5. That, as a result of this verdict, the Court adjudicated the Defendant guilty and imposed sentence on June 12, 1985, the terms and conditions of which are attached in Exhibit A, Order of Judgment of Sentence.

The Court's authority for imposing this bumper sticker is found in F.S. 948.03(4) which states in part, "the enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper." Rehabilitation of the convicted D.U.I. driver is a proper condition of probation and the court feels that affixing the bumper sticker serves a useful rehabilitative purpose: during the time that the bumper sticker is affixed to the Defendant's automobile, the convicted driver would be continuously cognizant of how serious the crime of D.U.I. is, and the convicted driver would genuinely take steps to modify his drinking and driving habits.

The Court finds that the bumper sticker has a direct and reasonable relationship to the offense of D.U.I. The bumper sticker relates to the status of the convicted Defendant's driver's license, i.e., the driver of the vehicle has gone through the court process, has been convicted of the crime of D.U.I., and is now operating his vehicle on a restricted license. If the convicted Defendant driver operates his vehicle for anything other than business purposes, he would be in violation of his restricted driving privilege and subject to violation of his probation. The Court also forms the legal conclusion that this bumper sticker is not an "ideological message" which the First Amendment might prohibit. On the contrary, the bumper sticker clearly makes a statement of fact. ("Convicted D.U.I.—Restricted License" bumper sticker attached as Exhibit "B").

4

An additional conclusion of law supporting the Court's unique bumper sticker decision is found in F.S. 949.04 which states that *"Chapters 947-949 shall be liberally construed that its objects may be achieved."* (emphasis added)

IT IS HEREBY ORDERED AND ADJUDGED that the following questions be certified to the District Court of Appeal, Second District, as being of great public importance:

A. WHETHER REQUIRING A PERSON CONVICTED OF D.U.I. TO AFFIX A BUMPER STICKER (WHICH READS: "CONVICTED DUI" AND "restricted license") TO HIS VEHICLE WHEN SAID VEHICLE IS OPERATED BY HIM FOR BUSINESS PURPOSES VIOLATES ANY PROVISION OF THE STATE OR FEDERAL CONSTITUTIONS?

B. WHETHER REQUIRING A PERSON CONVICTED OF D.U.I. TO AFFIX SAID BUMPER STICKER TO HIS VEHICLE WHEN SAID VEHICLE IS OPERATED BY HIM FOR BUSINESS PURPOSES AS A CONDITION OF PROBATION IS REASONABLY RELATED TO THE OFFENSE OF D.U.I. AND MAY BE PROPERLY IMPOSED BY THE COUNTY COURT PURSUANT TO FLORIDA STATUTE 948.03(4)?